## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JENNIFER HEBERT                                     CIVIL ACTION

VERSUS

                                                    NO.  09-993-JJB-DLD

WAL-MART LOUISIANA, LLC

### REPORT AND RECOMMENDATION

This personal injury matter is before the court on plaintiff's first motion to remand (rec. doc. 9), which is opposed (rec. doc. 12).  Plaintiff Jennifer Hebert filed suit against defendant Wal-mart Louisiana, LLC in the 18th Judicial District Court, Parish of Iberville, State of Louisiana, and defendant immediately filed a notice of removal alleging diversity jurisdiction, 28 U.S.C. §1332.   Thereafter, plaintiff filed a motion to amend her petition to add a non-diverse Wal-mart employee as a defendant and a motion to remand based on the addition of the non-diverse defendant, both of which were  referred to the undersigned. In a separate order, the undersigned denied plaintiff's motion to amend to add the non-diverse Wal-mart employee (rec. doc. 13).  The court now considers plaintiff's motion to remand.

### Factual Background

Plaintiff alleges in her original petition that she suffered severe injuries as a result of a slip and fall on water at the entrance of the Wal-mart store located on Belleview Road in Plaquemine, Louisiana (rec. doc.1).  Plaintiff alleges that defendant is liable for her damages as a result of its failure to take certain actions to prevent the accident.[1] Plaintiff

---

[1] Plaintiff alleges that defendant was negligent in failing to remove the water from the floor, failing to secure the area where the condition was present, failing to have the mat positioned correctly in front of the entrance, failing to have a mat in front of both entry and exit doors, failing to use reasonable care to keep the premises in a clean and safe condition and free of hazard, failing to warn of an unsafe condition, allowing patrons to use the facilities while in a dangerous condition which could and did cause injuries, allowing water to be left in an areas where pedestrians walk, allowing water to remain in plaintiff's path, having constructive or actual knowledge and not removing the hazardous condition, and having constructive or actual knowledge

suffered injuries to her back, neck, right elbow, right shoulder, right hip, and experienced numbness in her toes and seeks damages in the form of past, present, and future mental and physical pain and suffering, medical expenses, loss of enjoyment of life, and lost wages. Id.

Defendant Wal-mart immediately removed this matter based on diversity jurisdiction alleging that plaintiff is a citizen of Louisiana and defendant is a citizen of Arkansas[2] and that plaintiff's claims exceed the $75,000 jurisdictional minium.  Thereafter, plaintiff filed a motion to remand and a motion for leave to amend petition (rec. docs. 9 and 10).  Plaintiff does not dispute defendant's allegations that the diversity of citizenship and amount in controversy requirements were satisfied at the time of removal.  Plaintiff argues, however, that subsequent discovery in the case revealed that a non-diverse Wal-mart employee, Loretta Johnson[3], may be personally responsible for plaintiff's accident.  Plaintiff's motion to amend seeks to add the non-diverse Wal-mart employee as a defendant and the motion to remand seeks to have this matter remanded based on the addition of the non-diverse defendant, which destroys diversity jurisdiction.

### Discussion

The court considered whether the non-diverse Wal-mart employee should be added as a defendant based on the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179

---

and not properly warning of the hazardous condition (rec. doc. 1).

[2] Defendant Wal-mart Louisiana, LLC has one member, Wal-Mart Stores East, LP, which is composed of two partners, WSE Management, LLC (GP) and WSE Investments, LLC (LP).  WSE Management, LLC (GP) and WSE Investments, LLC (LP) each have one member, Wal-mart Stores East, Inc., which is an Arkansas corporation, with its principal place of business in Bentonville, Arkansas (rec. doc. 1).

[3] Plaintiff alleges that Loretta Johnson is a resident of Louisiana (rec. doc. 10-2).

( 5th Cir. 1987).[4]   Based on the *Hensgens* factors and the argument of counsel (or lack thereof), the court concluded that there was no basis to justify the amended petition and that it was filed solely to destroy diversity jurisdiction.   Thus, the court denied plaintiff's motion to amend her petition to add the non-diverse Wal-mart employee (rec. doc. 13). The denial of plaintiff's motion for leave to amend petition to add a non-diverse defendant eliminates the basis for plaintiff's motion for remand.   The parties to this action (plaintiff and Wal-mart Louisiana, LLC) are diverse and this court continues to have subject matter jurisdiction over this matter.   Thus, it is recommended that the motion for remand should be denied.   Accordingly,

**IT IS RECOMMENDED** that plaintiff's motion to remand (rec. doc. 9) should be **DENIED**.

Signed in Baton Rouge, Louisiana, on June 14, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[4] *Hensgens* instructs that although the trial court has discretion to decide whether or not to allow the amendment, that discretion should be exercised only after consideration of the following factors: (1) the extent to which the requested amendment's purpose is to defeat diversity jurisdiction, (2) whether plaintiff has been dilatory in seeking amendment, (3) whether plaintiff would be prejudiced or injured significantly should amendment not be allowed, and (4) any other factors which can be used to weigh the equities of the situation. *Hensgens v. Deere & Co.*, 833 F.2d 1179 ( 5th Cir. 1987).

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JENNIFER HEBERT                              CIVIL ACTION

VERSUS

WAL-MART LOUISIANA, LLC               NUMBER 09-993-JJB-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 14, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**